INTERNATIONAL TRUST COMPANY *vs.* INTERNATIONAL LOAN AND TRUST COMPANY.

Suffolk. November 19, 1890. — February 25, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Foreign Corporation — Similarity of Name in Business — Injunction — Equity Practice.*

The St. of 1889, c. 452, § 2, which prohibits a foreign corporation from carrying on "a banking, mortgage loan and investment or trust business within this Commonwealth in or under a name" previously used by a domestic corporation, must be construed to mean a banking business, a mortgage business, a loan and investment business, or a trust business.

The St. of 1889, c. 452, providing, in § 2, that no foreign corporation shall carry on certain businesses named under a name already in use by a domestic corporation, or so nearly identical as to be misleading, and, in § 3, that any violation thereof shall "on petition be enforced by injunction," imports that the business engaged in by the two corporations must be the same, or so similar as to mislead the public, and that the party to bring the petition is the party aggrieved by the action of the foreign corporation.

The International Loan and Trust Company, a Missouri corporation, transacted

business in Boston under the name of the "International Loan and Trust Company of Kansas City," both with and without the addition thereto of "Missouri" or of "Mo.," and dealt in investment securities generally, chiefly its own debenture bonds, in the stocks and securities of other companies, and in mercantile paper which it had discounted in Kansas City and had forwarded to Boston for rediscount. It also received money on deposit, for which it issued certificates of deposit, as well as money which it invested for customers. The "International Trust Company," a Massachusetts corporation, also transacted in Boston under its corporate name a banking and a loan and investment business. *Held,* on a petition in equity under the St. of 1889, c. 452, § 3, by the domestic against the foreign corporation, that the latter was engaged in a banking and a loan and investment business within § 2 of that statute, and similar to that engaged in by the former, but that it had a right to do so under the name actually used by it; and that an injunction would issue only to prevent it from carrying on such business here under its corporate name.

PETITION IN EQUITY, under the St. of 1889, c. 452,* filed on December 5, 1889, by the International Trust Company, a Massachusetts corporation, against the International Loan and Trust Company, a Missouri corporation, to prevent the latter from carrying on business in this Commonwealth under its present name. The case was heard by *Holmes,* J., who ordered an injunction to issue, and reported the case for the consideration of the full court. The facts appear in the opinion.

The case was argued at the bar in November, 1890, and afterwards, in February, 1891, was submitted on the briefs to all the judges.

*A. Russ & H. B. Cleaves* (of Maine), for the defendant.

*R. M. Morse, Jr.,* ( *C. E. Hellier* with him,) for the plaintiff.

MORTON, J. The plaintiff's petition alleges that it is a Massachusetts corporation, organized under a special charter, "for the purpose of receiving on deposit money, government securities, stocks, bonds, coin, valuable papers, documents, and evi-

---

* Sections 2 and 3 of this statute are as follows:

" § 2. No person and no corporation established under the laws of another State or country shall carry on a banking, mortgage loan and investment or trust business within this Commonwealth in or under a name previously to his or its carrying on the same in lawful use by a corporation established under the laws of this Commonwealth, or so nearly identical with a name so in use as to mislead.

" § 3. Whoever violates any provision of the preceding sections shall be punished by a fine not exceeding one thousand dollars; and any provision thereof may on petition be enforced by injunction issued by a justice of the Supreme Judicial Court or of the Superior Court."

dences of debt, and collecting and disbursing the principal, interest, and income of said property, and of acting as agents for the purpose of registering and countersigning bonds, stocks, securities, or evidences of debt"; that it has its usual place of business in Boston, and has carried on business there for more than ten years, and is now carrying it on there, and has deposits to a large amount in cash and in the securities in which the same is invested; that the defendant is a Missouri corporation, originally chartered under the name of the National Loan and Trust Company, which was changed by a vote of its stockholders in August, 1889, to the International Loan and Trust Company; that, prior to the filing of the plaintiff's petition, the defendant was engaged in carrying on in Boston "a banking, mortgage, loan, and investment and trust business"; that the name of the defendant is so nearly identical with the name of the plaintiff that it is liable in use to mislead, and has in fact misled the public, and especially persons having occasion to deal with the plaintiff. The petition concludes with a prayer that the defendant may be enjoined "from carrying on the business as aforesaid in this Commonwealth, under its present name," and for general relief.

It is evident, not only from the averments which the petition contains, but those which it omits, that it is framed upon the St. of 1889, c. 452, § 2. The case was heard by a single justice, who made certain findings, ordered an injunction to issue forbidding the defendant from doing business in Massachusetts under its present name, and reported the whole case for the consideration of the full court, such decree to be made as equity might require.

The plaintiff contends that it is entitled to the injunction, first, under the St. of 1889, c. 452; and, secondly, on the ground that the use of the defendant's name is a violation by it of the plaintiff's right to do business under its name. Looking critically at the language of § 2 of that chapter, it is a little doubtful whether the businesses described are a banking, mortgage loan and investment, or trust business, or whether they are a banking, mortgage, loan and investment, or trust business; that is, whether the statute was intended to be read as prohibiting a banking business, a mortgage loan and investment business, or a trust

business, or whether it was intended to be read as prohibiting a banking business, a mortgage business, a loan and investment business, or a trust business.   We think that the latter must be the construction that was intended, and this view is corroborated by referring to the St. of 1890, c. 329, where the same words are used, and it is evident the Legislature had in view the mortgage business as one thing, and the loan and investment business as another.

The question then is, whether the defendant has been or is engaged in carrying on in this State either of these kinds of business, and, if it has been or is doing so, whether it has done so or is doing so under a name so nearly identical with the plaintiff's name as to mislead.   The presiding justice found that the defendant " had transacted, and contemplated transacting, a business of buying and selling investment securities generally, but chiefly confined to selling its own debenture bonds, and the stocks and securities of other companies, and mercantile paper which the corporation discounted at its principal place of business in Kansas City, and forwarded to Boston for rediscount by bankers and investors in New England."   The justice also found that some of the defendant's circulars which had been printed at and circulated from its Missouri office invited a wider range of business, and an examination of the reported evidence shows that the defendant had received money on deposit, for which it had issued certificates of deposit, and had also received money which it had invested for customers.   There is no evidence that the defendant has engaged· in, or proposes to engage in, the mortgage or trust business in this State; on the contrary, it expressly disclaims any intention of so doing.   The debenture bonds referred to above are bonds issued by the defendant in series of $100,000 or more, against mortgages taken by it from different persons in various parts of the country outside of this State, for loans made to them and deposited by the defendant with the Boston Safe Deposit and Trust Company, or the Knickerbocker Trust Company of New York, one of these companies certifying upon the bonds that the amount of mortgages required as security for the issue had been so deposited.

While we should hesitate to say that either the sale of these bonds, or of the mercantile paper forwarded from Kansas City

for rediscount here, or of the stocks and securities of other companies, came within either of the prohibitions named in the statute, we think these and the other things enumerated as having been done by the defendant may be fairly said to fall within the banking or loan and investment business, and that therefore the defendant has been and is engaged in carrying on a business coming within the statute. Although the statute does not, in terms at least, provide that the corporation here shall be engaged in the same business as the foreign corporation, nor that it may petition for the injunction which the statute authorizes the Supreme Judicial Court or the Superior Court to issue, nevertheless we think that it must have been the intention of the Legislature that the business in which the said corporations were engaged was the same, or so similar that to permit the foreign corporation to do business here would operate as an injury to the domestic corporation and mislead the public, which would not be the case if the foreign corporation was engaged in a wholly different business although under the same name. We also think the party to bring the petition is the party aggrieved by the action of the foreign corporation.

At the hearing before the single justice, it was conceded by the defendant that the plaintiff's business was correctly described in its petition; and from that it appears that the plaintiff has deposits to a large amount, which are in cash and in the securities in which the same has been invested. It also appears from its charter that it is authorized to loan or invest the moneys received by it upon or in certain securities, and the defendant concedes in its brief that the plaintiff carries on a banking business, receives deposits, discounts, and pays interest on deposits. The business therefore in which the two corporations are or have been engaged is, to some extent, the same or similar, and to that extent at least the plaintiff is entitled to the injunction, if it further appears that the defendant has done or is doing business under a name the same as that of the plaintiff, or so nearly identical with it as to mislead.

At the hearing, the plaintiff introduced testimony tending to show that the defendant's corporate name would mislead, and had in fact misled, the public. But the presiding justice ruled, apart from this evidence, that the defendant's name (meaning its

corporate name) was so nearly identical with the plaintiff's as to mislead. The defendant, however, contends that the name under which it has in fact done business in this State is not the " International Loan and Trust Company," but the " International Loan and Trust Company of Kansas City," or the " International Loan and Trust Company of Kansas City, Missouri," and that this name is not so nearly identical with the plaintiff's as to mislead. And upon this point the justice has found " that, with few minor exceptions, in all its circulars and advertisements the words ' of Kansas City ' had been printed in conspicuous type and in connection with the name."

We think it is clear that the defendant's corporate name is so nearly identical with the plaintiff's that it would mislead, and that the ruling to that effect was correct. But we think the object of the statute was to protect corporations organized here, and engaged here in any business named in it, from the injury which they might receive through the use in this State of the same or a nearly identical name by a foreign corporation engaged here in the same business, and also to protect our own citizens who may be supposed to be familiar with and to have more or less confidence in our own corporations from being misled in such a case by the identity or similarity of the names. If, therefore, a foreign corporation carries on its business under a name in fact the same as, or nearly identical with, that of a domestic corporation, it should be enjoined, however different its corporate name might be. The public is misled, and the domestic corporation suffers, and the foreign corporation ought not to be allowed to escape liability on the ground that, while the name that it actually uses is the same or similar, its corporate name is not. On the other hand, even if the corporate name of a foreign corporation was the same or nearly identical with that of a domestic corporation, yet it did not carry on its business under such name, but under a different and dissimilar one, there would seem to be no reason why it should be enjoined. No harm would be done, and nobody would suffer.

We think, also, the question whether the names are so nearly identical as to mislead must be settled by the application of the principles which apply to analogous cases respecting trade-marks.

As already noted, the presiding justice found that the words "of Kansas City" had been printed, with a few minor exceptions, in all its circulars and advertisements in conspicuous type and in connection with the name. It also appears, from the reported evidence, that the sign upon the windows of the office in Boston was "International Loan and Trust Company of Kansas City, Missouri," in letters, as we infer, all of large size; that on the letter and note and account heads used by it were printed in large letters, of equal size, the words "International Loan and Trust Company of Kansas City, Mo."; that the imprint on envelopes mailed by it to parties was "International Loan and Trust Company of Kansas City, Mo.," all in letters of the same, and of a fair size; that upon the envelopes furnished to return to it, the same title was printed, the words "of Kansas City, Mo.," being composed of letters somewhat smaller than those used in the rest of the description, but of blacker and more solid appearance, so that its correspondents could not fail to have their attention drawn to them; and that upon the statements of its condition it was described as the "International Loan and Trust Company of Kansas City, Missouri." With the exception of some certificates of deposit, which we assume were issued in its corporate name, although there is no evidence to that effect, and the use of the words "International Loan and Trust Company" in connection with the signature to its letters to its correspondents, there is nothing which shows that either the words "of Kansas City," or "of Kansas City, Missouri," have not been invariably used in connection with the corporate‧ name. We think the fair result of this evidence is, that the words "of Kansas City," or "of Kansas City, Missouri," have formed almost as component a part of the name actually used by the defendant in carrying on its business in this State as the word "International," or "Loan," or "Trust." And we do not think that a name, or title, or description, consisting of the words "International Loan and Trust Company of Kansas City," or of the same words with the contraction "Mo." added, can be said to be the same as or so nearly identical with "International Trust Company" as to mislead. Two out of the four witnesses called by the plaintiff, being the only ones whose attention was directed to the matter, admitted that the addition

of the words " of Kansas City " would remove any ambiguity or trouble.   It is not sufficient that some person might possibly be misled, but the similarity must be such that " any person, with such reasonable care and observation as the public generally are capable of using and may be expected to exercise, would mistake the one for the other."   *Gilman* v. *Hunnewell*, 122 Mass. 139, 148.   *Partridge* v. *Menck*, 2 Sandf. Ch. 622.   *Snowden* v. *Noah*, Hopk. Ch. 347.   *McLean* v. *Fleming*, 96 U. S. 245, 251.   *Farmers' Loan & Trust Co.* v. *Farmers' Loan & Trust Co. of Kansas*, 21 Abb. N. C. 104.   *Gail* v. *Wackerbarth*, 28 Fed. Rep. 286.

The defendant further contends, that, by the passage of the St. of 1890, c. 329, since the hearing in this case, the Legislature has fixed the conditions which are to govern in the case of foreign corporations which transact business in this State.   That act provides that " corporations organized under the laws of another State or country, carrying on a banking, mortgage, loan and investment or trust business within this Commonwealth, shall indicate the State or country in which such foreign corporation is chartered or incorporated upon all its signs, advertisements, circulars, letter heads, and other documents containing its name, in letters equally conspicuous with the name of such corporation."   It is clear that the purpose of this act, and that of the St. of 1889, c. 452, are entirely different.   The latter contains an absolute prohibition against any foreign corporation doing any of the businesses described in it in this State under the same name as that previously in use by a corporation in this State, or so nearly identical with it as to mislead.   The former merely provides that all foreign corporations doing the same kind of business in this State shall add to their names something showing that they are foreign corporations.

We think, therefore, that the plaintiff is entitled to an injunction against the defendant, under the St. of 1889, c. 452, but that the injunction ordered should be modified so as to restrain the defendant, not from doing any business in its corporate name, but from doing any business in its corporate name the same as or similar to that done by the plaintiff, and leaving the defendant to do business under the name and style of the International

Loan and Trust Company of Kansas City, or the International Loan and Trust Company of Kansas City, Mo.

The result at which we have thus arrived renders it unnecessary to consider the extent to which the plaintiff is or would be entitled to relief upon the general principles of equity applicable to the case at bar. It is clear that these would justify an injunction only in a case where the business transacted was similar to or the same as that of the complaining party, and where the name or style, or description under which the business was done, was so similar to that used by the complaining party as to mislead. *Leather Cloth Co.* v. *American Leather Cloth Co.* 4 DeG., J. & S. 137. *Singer Manuf. Co.* v. *Loog*, 8 App. Cas. 15. And as the conclusions which we have reached upon the statute of 1889 go to that extent, it is not needful for us to go further. Nor is it necessary for us to consider the question raised by the defendant of the right of a foreign corporation, acting under the name given it in good faith, to do business under that name in this State, even though it be the same name as that in use by a domestic corporation engaged in the same business, so long as it does not resort to any artifice, or do any act calculated to mislead the public as to the identity of the two. Our decision is based upon the statute of 1889, and the defendant concedes that the Legislature had the right to pass such a law.

The result upon the whole case then is, that the injunction is to be modified so as to restrain the defendant from doing, under its corporate name, any business in this State, the same as or similar to that which the plaintiff is authorized to carry on, leaving the defendant free to engage in any business which its charter admits under the name or style of the "International Loan and Trust Company of Kansas City," or the "International Loan and Trust Company of Kansas City, Mo.," and, as thus modified, the

*Injunction is to issue.*