SCHINASI et al. v. SCHINASI et al.　(No. 7929.)

(Supreme Court, Appellate Division, First Department.　November 19, 1915.)

1. TRADE-MARKS AND TRADE-NAMES ⬤⟳73—INJUNCTION—GROUNDS—FIRM NAME.

Injunction will not lie to restrain persons from using their name on products manufactured by them or in the business in which they are engaged, since every man has the absolute right to use his own name in his own business.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 84; Dec. Dig. ⬤⟳73.]

2. TRADE-MARKS AND TRADE-NAMES ⬤⟳73—INJUNCTION—GROUNDS—UNFAIR COMPETITION—FIRM NAME.

Injunction will not lie to restrain manufacturers of cigarettes from using their name as the firm name, even though another manufacturer has the same name and uses it for advertising similar products, where no artifice, design, or deceit is used to deceive the public into believing that the wares of the two firms are identical.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 84; Dec. Dig. ⬤⟳73.]

Appeal from Special Term, New York County.

Suit by Solomon Schinasi and others, doing business under the firm name of Schinasi Bros., against Louis Schinasi and others, doing business under the firm name of Schinasi Bros.　From an order granting an injunction pendente lite, defendants appeal.　Reversed.

See, also, 155 N. Y. Supp. 1139.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Herman Hoffman, of New York City (Herman Hoffman and Joseph Joffe, both of New York City, of counsel), for appellants.

Rogers & Rogers, of New York City (Gustavus A. Rogers, Saul E. Rogers, and Sidney W. Solomon, all of New York City, of counsel), for respondents.

SCOTT, J.　By the order appealed from the defendants are restrained during the pendency of the action from manufacturing, selling, offering for sale, or advertising cigarettes under the name of "Schinasi Bros."; from manufacturing, selling, offering for sale, or advertising cigarettes under the designation or brand of "Schinasi Bros.," or any name or words similar to "Schinasi," or any combination of words in which the name "Schinasi" forms a part; from selling or otherwise disposing of any cigarettes which have already been manufactured by or for defendants, which cigarettes or the packages in which they are contained are under the designation or brand name of "Schinasi Bros.," or any name or words similar to "Schinasi," or any combination of words in which the name "Schinasi" forms a part; and from using in any manner, in connection with the manufacture and sale of cigarettes, the name "Schinasi."　In short, the defendants, whose name is concededly Schinasi, are forbidden to use that name in any way, shape, or manner in the prosecution of a lawful business upon which they have embarked.　The plaintiffs, who are also named Schi-

nasi, although it is said that they are not related to defendants, have carried on for a number of years the business of manufacturing and selling cigarettes under the firm name of Schinasi Bros. They have been very successful and have built up a large trade.

[1] The defendants, who are brothers, have recently engaged in the cigarette business also under the firm name of Schinasi Bros. Prior to engaging in this business one of them had been a watchmaker and the other two had been furriers. There is no question in the case of unfair competition arising from an imitation of plaintiffs' packages and wrappers. On the contrary, defendants have adopted and use a box as widely different from plaintiffs in style and appearance as could easily be contrived. From the samples of boxes submitted on the argument it appears that the cigarettes are designated and distinguished by names; those exhibited by plaintiffs being described on the boxes as "Egyptian Prettiest" and "Natural," while those exhibited by defendants are described on the box as "Specials." Defendants also print upon the outside of each box, in small, but perfectly legible, print, the following:

"Notice. We have no connection with Schinasi Bros., manufacturers of Natural and Egyptian Prettiest cigarettes."

A similar notice in larger letters is pasted on the inside of the cover of each box. It thus appears quite clearly that defendants have taken all reasonable precautions to avoid confusion between their product and that of plaintiffs, except that they use the firm name of "Schinasi Bros.," and print it upon each box of cigarettes which they sell. It has been held in many cases that no man may make a trade-mark of his own name, and then debar others, having the same name, from using it in their business. The leading case in this state is Meneely v. Meneely, 62 N. Y. 427, 20 Am. Rep. 489. In that case it was said that:

"Every man has the absolute right to use his own name in his own business, even though he may thereby interfere with or injure the business of another person bearing the same name, provided he does not resort to any artifice or contrivance for the purpose of producing the impression that the establishments are identical, or do anything calculated to mislead. Where the only confusion created is that which results from the similarity of the names, the courts will not interfere."

This case has frequently been cited and followed in this as well as in other jurisdictions. Brown Chemical Co. v. Meyer, 139 U. S. 540, 11 Sup. Ct. 625, 35 L. Ed. 247; World's Dispensary Medical Ass'n v. Pierce, 203 N. Y. 419, 96 N. E. 738.

Plaintiffs lay much stress upon a line of cases in which Higgins v. Higgins Soap Company, 144 N. Y. 462, 39 N. E. 490, 27 L. R. A. 42, 43 Am. St. Rep. 769, and De Long v. De Long Hook & Eye Co., 89 Hun, 399, 35 N. Y. Supp. 509, are examples. Those cases, however, are clearly distinguishable from the present. In each of them the defendant was a corporation having no natural right to the use of any particular name, and had arbitrarily adopted a name evidently intended to mislead purchasers and infringe upon the plaintiff's right. Nothing of that sort appears in the present case. It is very clear, therefore, that the order appealed from goes too far when it restrains

defendants from using the name "Schinasi," or any combination of words in which "Schinasi" forms a part.

[2] The only debatable question is whether or not defendants should be debarred from using the firm name "Schinasi Bros." Along with the right of every person to use his own name in his business is the corresponding obligation that he may not, through unfairness, artifice, misrepresentation, or fraud, injure the business of another, or induce the public to believe that his product is the product of another. As was said in World's D. M. Ass'n v. Pierce, supra:

"Defendant should so use his name in connection with his remedies that he will obviate deception, or with an explanation which will inform or be a notice to the public that those remedies are not those of plaintiff."

We are not satisfied from the moving papers that plaintiffs have made out a case for a temporary injunction even against the use of the words "Schinasi Bros." We cannot find evidence, apart from the use of the firm name, of any artifice, design, or deceit intended and adapted to mislead the public, and to palm off defendants' product as that of the plaintiffs. On the contrary, the defendants have taken very specific precautions against any such result. Whatever damage, if any shall result from defendants' competition will be due solely to the similarity of name, for which alone the courts will not afford redress. Howe Scale Co. v. Wyckoff, Seaman & Benedict, 198 U. S. 118, 25 Sup. Ct. 609, 49 L. Ed. 972.

Of course, it is possible that upon the trial facts may be developed which will render it proper to require defendants to modify, in some degree, the manner of the use of their name. All that we are called upon to decide now is that the facts as presented to us do not warrant an injunction pendente lite.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion to continue the temporary injunction denied, with $10 costs. Order filed. All concur.