B. FORMAN COMPANY, Plaintiff, *v.* FORMAN MANUFACTURING COMPANY, INC., Defendant.

Supreme Court, Monroe Special Term, July, 1922.

**Injunctions — limitation of right to use own name in business — corporations — deception — proximity of place of business.**

The rule that one may use his own name in his business even though such use is to the detriment of a business previously established by another cannot be invoked to shield to the same extent the use of a corporate name of which an individual name is a part.

In either case the use must be an honest one without any artifice or deception intended or calculated to betray the confidence of customers that they are dealing with a better known and more fully trusted competitor.

The plaintiff, the " B. Forman Company," since its incorporation in 1912, has been engaged at the center of the business district of the city of Rochester, N. Y., in the business of selling, at retail, women's apparel, including furs and fur-lined articles. The building which it occupies has a frontage that combines street numbers 46 to 50 inclusive, and in its extensive advertising during the years, not only in local newspapers but also by circularizing, has featured the word " Forman's " and has used such display phrases as " Forman Fur Shop," " The Forman August Sale of Furs," " The First Forman Sale of Furs " and " Announcing a new Forman Shop," and in all its advertising the name " B. Forman Company " appears. The defendant the " Forman Mfg. Co., Inc.," in 1922, shortly after its incorporation, caused to be placed upon the front of a building located on the same side of the street and about seventy-five feet distant from plaintiff's location, a canvas sign extending across the front of the store, as follows: " Wait and save 50%. After alterations are completed. Forman Mfg. Co., Inc., Furs, Will be located here on or about July 1st." The words " Forman," " Co." and " Furs " are in large letters while " Mfg." and " Inc." are inconspicuous. *Held*, that where in an action to enjoin the use of said sign and the establishment of any business in which the name " Forman " is a part it was not only made to appear that a belief that defendant's store was to be a branch of plaintiff's had already arisen, in that several inquiries

had been made with reference to the new venture on the supposition that it was to be a part of the plaintiff's business, but facts are alleged tending to support plaintiff's claim that the defendant is inspired by the definite conscious purpose to profit wrongfully by locating in such close proximity to plaintiff's place of business, a motion to continue an injunction *pendente lite* will be granted.

Phrases in the preliminary order granting said injunction which are appropriate only to a natural person will be eliminated from the order to be entered hereon.

MOTION on behalf of the plaintiff brought on by an order to show cause why the temporary injunction granted herein should not be continued during the pendency of the action.

*Eugene M. Strouss*, for plaintiff.

*Erwin E. Shutt*, for defendant.

STEPHENS, J. In the order requiring the defendant to show cause at Special Term the defendant was restrained until the hearing and determination of the motion from using any sign or advertising by sign or otherwise that it is about to engage in business on Clinton avenue, south, in the city of Rochester, N. Y., in the immediate vicinity of plaintiff's store and from opening a business under any name, of which the name " Forman " is a part, at that location. The application is to continue the injunction until the issues are tried on the merits.

The plaintiff was incorporated in the year 1912 and since that time has been engaged in the business of selling, at retail, women's apparel, including furs and fur trimmed articles at 46 Clinton avenue, south, in the city of Rochester, N. Y. It occupies a three-story building having a frontage that combines street Nos. 46 to 50 inclusive. The location is at the center of the business district. It has advertised extensively during the years, not only in the local newspapers but also by circularizing. In its advertising it has featured the word " Forman's " and has used such display phrases as " Forman Fur Shop," " The Forman August Sale of Furs," " The First Forman Sale of Furs " and " Announcing a new Forman Shop." In all of its advertising the name " B. Forman Co." appears. It has become, therefore, a well-established and widely known business and has created a valuable good will.

The defendant on or about May 22, 1922, caused to be placed upon the front of the building No. 64 Clinton avenue, south, approximately seventy-five feet distant from the plaintiff's location and upon the same side of the street, a canvas sign, extending across the front of the store, consisting of four lines: " Wait and save 50%. After alterations are completed. Forman Mfg. Co. Inc. Furs. Will be located here on or about July 1st." In the third above indicated line the words " Forman," " Co." and " Furs " are in large letters while " Mfg." and " Inc." are quite inconspicuous.

It is the use of this sign and the establishing of a business under such name or any other in which the name Forman is a part that the plaintiff seeks to enjoin.

The defendant is a corporation, organized under the laws of the state of New York. It is not correctly named in the title to the action. The certificate of incorporation was filed in the office of the secretary of state April 20, 1922, and its corporate name is "Forman Mfg. Co. Inc." Its corporate purpose, among other things, briefly summarized, is stated to be making and dealing in furs, skins and fur garments of all kinds, wearing apparel of every kind and description, both at wholesale and retail; to open stores for the sale at retail and wholesale of furs, skins, fur garments and other wearing apparel. The principal office is located in the city of New York and the post-office addresses of its directors are in that city. One of the incorporators who is also named as a director is Bernard Forman. The said Forman is the president and treasurer and principal stockholder of the defendant corporation.

The defendant claims the unrestricted right to use its corporate name in its business. Plaintiff contests this alleged right on the ground of the confusion that will result on the part of the purchasing public by reason of the use of a name so nearly like its own. It submits evidence that a belief that the new store is to be a branch of its own has already arisen in that several inquiries have been made with reference to the new venture on the supposition that it is to be a part of the plaintiff's business. Not only upon this ground is the plaintiff seeking protection against its intrusive neighbor but it alleges facts tending to support its claim that the defendant is inspired by the definite conscious purpose to profit wrongfully by locating in such close proximity to its place of business.

The principles of law governing our inquiry have been authoritatively settled and may be succinctly stated. One may use his own name in his business even though such use is to the detriment of a business previously established. This rule, however, cannot be invoked to shield to the same extent the use of a corporate name of which an individual name is a part. In either case the use must be an honest use, without any artifice or deception intended or calculated to betray the confidence of customers that they are dealing with the better-known and more fully trusted competitor. *Meneely* v. *Meneely,* 62 N. Y. 427; *Higgins Co.* v. *Higgins Soap Co.,* 144 id. 462; *World's Dispensary Med. Assn.* v. *Pierce,* 203 id. 419; *DeLong* v. *DeLong Hook & Eye Co.,* 89 Hun, 399; *Merritt B. & C. Co.* v. *Merritt Co.,* 155 App. Div. 565; mod., 214 N. Y. 676; *Schinasi* v. *Schinasi,* 169 App. Div. 887; *Romeike, Inc.,* v. *Romeike & Co., Inc.,*

179 id. 712; affd., 227 N. Y. 561; *Lucille, Limited, New York & Paris,* v. *Schrier,* 191 App. Div. 567.

In *Higgins Co.* v. *Higgins Soap Co., supra,* the court laid down the rule and afterward restated it in *Corning Glass Works* v. *Corning Cut Glass Co.,* 197 N. Y. 173, that " Whether the court will interfere in a particular case must depend upon circumstances; the identity or similarity of the names; the identity of the business of the respective corporations; how far the name is a true description of the kind and quality of the articles manufactured or the business carried on; the extent of the confusion which may be created or apprehended, and other circumstances which might justly influence the judgment of the judge in granting or withholding the remedy." By the application of this rule the plaintiff in the former case was held to be entitled to injunctive relief while it was denied to the plaintiff in the latter.

In the circumstances under scrutiny we have a close similarity of names, though neither is descriptive of the kind of business carried on. The defendant appeals to the same class of customers which the plaintiff seeks to reach and thus the factor of the identity of business is supplied; and it is quite evident that there is just ground to apprehend the resultant of a large measure of confusion to the purchasing public.

The circumstances other than those mentioned which might justly influence the judgment in granting or withholding a remedy remain to be considered.

The word " Forman " in defendant's title is presumably derived from one of its incorporators, Bernard Forman. If this given individual name be abbreviated to the initial " B " the names of the president and treasurer of each corporation become identical. The given name of this officer of the plaintiff is " Benjamin."

Mr. Forman, of the defendant, in his first affidavit presented on this motion describes himself as " S. Ben Forman," and in the later ones as " Samuel B. Forman." There is a minimum of differentiation, too, in the corporate names; the long distinctive word " Manufacturing " in defendant's name is shortened to " Mfg.;" the word " Company " to " Co." In the sign displayed by the defendant the already diminutive " Mfg." lurks between the dominant words " Forman " and " Co."

In one of his affidavits Mr. Forman, of the defendant company, states that some months ago he " started to engage in operating a chain of fur stores throughout the state of New York," and he then details some efforts to find places to open stores in Albany, and Syracuse. The fact is, however, that the location in Rochester is the first that has been accomplished.

In addition to these indicia of an unworthy design on the part of the defendant's chief officer, the plaintiff argues that his unfavorable business career in connection with other corporations that he has formed gives color to the presence of such a design. The defendant objects to the affidavits used by the plaintiff to support the argument. These affidavits are, however, negligible in view of the supplemental affidavit of Samuel B. Forman which more fully describes his commercial activities than his original statement.

The said Mr. Forman seeks to fortify his claim of acting in good faith and with the best of intentions by letters and affidavits from members of business houses in the city of New York with whom he has dealt, certifying to his responsibility and business integrity. These credentials are of a high order but the plaintiff counters with an affidavit made by the plaintiff's vice-president, presenting commercial reports relating to many of these sponsors that tends in a degree to depreciate the value of the character testimony.

Reference has been made above to a distinction in one's right to use his name in his individual business and to use it in a corporate name. This distinction has been both recognized and declared not to exist (*Schinasi* v. *Schinasi,* 169 App. Div. 887; *Howe Scale Co.* v. *Wyckoff, Seamans & Benedict,* 198 U. S. 118); but all agree, I think, that similarity in corporate names is to be considered in its bearing upon the honesty of the purpose of their use. To guard against confusion in this respect section 6 of the General Corporation Law forbids the filing of a certificate of incorporation of a proposed corporation having a name so nearly resembling an existing one as to be calculated to deceive.

If each act characterizing the defendant's conduct be detached from all the others it might not be condemned. Its corporate name may be lawfully chosen; it, of course, can deal in fur garments; its principal officer may assume a name identical with the plaintiff's responsible head; it may or may not command general confidence in its financial resources; it may put up a sign of the kind it put up; its promoter may have met with repeated business reverses, and yet its right to operate would not be restricted except as it has elected to launch its avowed enterprise shoulder to shoulder with the plaintiff's establishment. *Ball* v. *Broadway Bazaar,* 194 N. Y. 429, 435. This culminating act in connection with the others is consonant neither with business ethics nor with equitable principles of which courts take cognizance.

Even if intentional bad faith do not furnish the motive for the defendant's behavior we find the equivalent of it measured by

injurious consequences to the plaintiff in an unusual series of coincidences.

The motion is granted, and the injunction continued. The preliminary restraining order contains phrases appropriate only to a natural person. These should be eliminated from the order to be entered hereon. Upon the settlement of the order, to be had on two days' notice, the defendant may apply for increased security to be given by plaintiff.

Ordered accordingly.