[No. 20031. Department One. July 19, 1926.]

## The State of Washington, *on the Relation of A. Lou Cohen et al., Plaintiffs,* v. J. Grant Hinkle, *as Secretary of State, Respondent.*[1]

[1] Corporations (24)—Name—Use of Similar Name by Others—Discretion of Secretary of State. The fact that a corporation, upon inquiry from the secretary of state as to whether it had any objection, filed a protest against the acceptance of articles of another corporation with a similar name, does not show that the secretary of state did not exercise his discretion in filing the articles, because of similarity of the names.

[2] Same (24)—Name—Similarity of Names. The names "Carnation Ice Cream Company" and "Carnation Milk Products Company" so nearly resemble each other as to furnish room for an honest difference of opinion as to whether they would be misleading; thus producing a question for the exercise of judgment on the part of the secretary of state, with which the courts will not interfere.

Application filed in the supreme court May 8, 1926, for a writ of mandamus to compel the secretary of state to accept relator's filing of articles of incorporation. Denied.

*Frank S. Griffith,* for relators.

*The Attorney General* and *L. B. Donley, Assistant,* for respondent.

Holcomb, J.—This original proceeding is before us to attempt to compel by mandate the secretary of state to file articles of incorporation with a certain corporate name.

The name selected by relators for the corporation organized by them is "Carnation Ice Cream Company." It is alleged by relators, that upon tendering the articles of incorporation and payment of the legal fee to the secretary of state, he, without exercising any

¹Reported in 247 Pac. 1029.

discretion, wrote to a corporation by the name of Carnation Milk Products Co., informing it that the Carnation Ice Cream Company had tendered articles of incorporation under that name, and inquiring of the Carnation Milk Products Co. if it had any objection. The Carnation Milk Products Co. wrote the secretary of state, as shown by supplemental affidavit, that the filing of these papers with that corporate name was decidedly objectionable to it, and it registered its protest to the granting of the same. It is then alleged that, in response to this protest, predicated upon the use of the name "Carnation" for the new corporation, the secretary of state advised relators that, on account of the protest of the Carnation Milk Products Co., he would refuse the articles of incorporation of relators under the name so adopted, unless compelled to file the same by the judgment of the court.

It is contended, therefore, by relators, that the actions of the secretary of state show that he would have filed the articles of incorporation of relators had it not been for the objection of another corporation, and that the secretary of state has not exercised his independent judgment or discretion.

It is argued by relators that the names Carnation Ice Cream Company, and Carnation Milk Products Co. are not so similar as to be misleading, under the provisions of § 3806, Rem. Comp. Stat. [P. C. § 4509], which provides:

". . . No corporation shall take the name of a corporation theretofore organized under the laws of this state, nor of any foreign corporation having complied with the laws of this state, nor one so nearly resembling the name of such other corporation as to be misleading. The secretary of state shall refuse to file said articles of incorporation of any association or corporation violating the provisions of this section."

[1]   While it is possibly true that the secretary of state, in the absence of objection on the part of the other corporation—which, it seems, is a corporation organized and existing under the laws of Delaware, but which has complied with the laws of this state, and has a general office for the transaction of business in Seattle—may have been willing to file the articles offered by relators with the name adopted, nevertheless, upon such objection being made he was compelled to exercise his discretion under the statute as to whether the name of the new corporation was such as to "so nearly resemble the name of such other corporation as to be misleading."

Relators also show that the records of the secretary of state show a corporation existing in this state under the name of "Carnation Butter Company," a name of greater resemblance to that of Carnation Milk Products Co.   It is contended that, if the objection to the name adopted in this case is because one of the ingredients is milk, then the same objection would apply to the name "Carnation Butter Company," because butter is wholly milk.   This is beside the case.   The fact that another corporation may have been erroneously permitted to adopt a similar name is no justification for the permission of other corporations to adopt names so nearly resembling the name of another as to be misleading.

The protest filed by the Carnation Milk Products Co. was in the nature of a contest of the right of relators to file their articles of incorporation adopting the name thereof as the "Carnation Ice Cream Company."   It is not to be presumed that the secretary of state did not exercise his discretion, because of the fact that he invited another company to state whether or not it objected to the filing of the articles of incorpo-

ration of a corporation to be called the "Carnation Ice Cream Company."

[2]   We held in *State ex rel. New Arlington Hotel Co. v. Hinkle,* 115 Wash. 298, 197 Pac. 4, that the secretary of state exercised a proper discretion in refusing to file articles of incorporation of a corporation which had adopted the name "New Arlington Hotel Company," when there was in existence a corporation called the "Hotel Arlington Company," although the last named company had been stricken from the records for delinquency in the payment of annual license fees, within the period during which the delinquent corporation had a right to reinstatement on payment of the back license taxes, and which it in fact did.

We there said that:

"Relators had no right to the name of the corporation, or anything so near it as to be misleading, and the secretary of state was justified in refusing to file the articles of incorporation of relators."

We conclude that the names of these corporations, instead of being exactly alike, only resemble each other with a difference to such an extent as to furnish room for honest difference of opinion as to whether they so resembled each other "as to be misleading," thus presenting a question for the exercise of judgment on the part of the secretary of state for decision. *State ex rel. Progressive Motion Picture Co. v. Howell,* 96 Wash. 163, 164 Pac. 917.

See, also, *State ex rel. Megler v. Forrest,* 13 Wash. 268, 43 Pac. 51; *State ex rel. Bellingham Publishing Co. v. Hinkle,* 120 Wash. 85, 206 Pac. 942; *Electric Supply Co. v. Hess, ante* p. 20, 245 Pac. 27.

The writ is therefore denied.

TOLMAN, C. J., FULLERTON, MITCHELL, and BRIDGES, JJ., concur.