DELAWARE CHARTER COMPANY, a corporation of the State of Delaware,

*vs.*

DELAWARE CHARTER SERVICE COMPANY, a corporation of the State of Delaware.

*New Castle, Jan.* 18, 1929.

*George N. Davis*, for complainant.

*Leslie H. Gluckman*, for defendant.

THE CHANCELLOR. The bill in this case relies on the provision found in *Section 5* of the *General Corporation Law* of this state. *Revised Code* 1915, § 1919. That provision is as follows: That the name of a proposed corporation "shall be such as to distinguish it from any other corporation engaged in the same business, or promoting or carrying on the same objects or purposes in this State."

Many of the observations made in the case of *Drugs Consolidated, Inc., v. Drug Incorporated, ante p.* 240, 144 *A.* 656, recently decided are pertinent to this case and need not be repeated. In the *Drug Case*, which was a motion for preliminary injunction, I had to deal with a question entirely of probabilities occasioned by the effect the two names had upon the eye and ear. In this case, a final hearing has been had and evidence upon the question of whether in fact the alleged similarity of names has caused confusion in identity has been submitted.

While the evidence shows that thus far no confusion has in fact arisen between the two corporations, yet the length of time during which opportunity for confusion has existed is very short —less than three months, and during that time the defendant has exerted little, if any, serious effort to extend its business. So that it is hardly fair to say that there has been sufficient of experience upon which to base a conclusion that the public has had a fair chance by its contact with the two corporations to demonstrate the existence or nonexistence of confusion in identity.

As in the *Drug Case*, therefore, the appeal which the two names address to the eye and ear must supply the sole guide to a conclusion. Having due regard to the principle that the court should not pay too meticulous a regard to the confusion that may arise in the minds of ignorant or careless people, I am nevertheless of the opinion that there is enough of similarity between the two names here involved to lead to a probable confusion in the mind of the public. This being so, the injunction will issue as prayed, with sufficient time allowed the defendant to effect a change in its name if desired. It is but fair to the sponsors of the

defendant to say that in their choice of name they acted in entire good faith and without the slightest wrongful intent towards the complainant.

Decree accordingly.