## FIDELITY BOND & MORTGAGE CO. v. FIDELITY BOND & MORTGAGE CO. OF TEXAS.

Circuit Court of Appeals, Fifth Circuit. January 15, 1930.

No. 5722.

James Love Hopkins, of St. Louis, Mo., and Robert Allan Ritchie, of Dallas, Tex.

(Lewis M. Dabney, Jr., of Dallas, Tex., on the brief), for appellant.

D. A. Simmons, of Houston, Tex. (Thos. H. Ball, of Houston, Tex., on the brief), for appellee.

Before WALKER and FOSTER, Circuit Judges, and DAWKINS, District Judge.

FOSTER, Circuit Judge. Appellant, a Missouri corporation, filed a bill to enjoin appellee, a Texas corporation, from using the name under which it was incorporated, on the ground of unfair competition, because of the similarity of the names and of the business in which both corporations are engaged. The District Court, in an opinion appearing in the record, reviewed the facts and the law applicable thereto, and found against appellant's contentions. There is no need to again state the facts, except briefly, as follows:

It is shown that both companies are engaged in the sale of mortgage bonds issued by other parties, the same as any bank or brokerage house; that appellant has made a few sales of mortgage bonds in Texas by mail; that it advertises in newspapers and magazines having some circulation in Texas; and that its reputation is good. However, appellant has failed to show that it has been at all injured by any competition of appellee, there is nothing in the record from which it might be reasonably inferred that the bond-buying public will be deceived by the similarity in the names, and there is no element of fraud shown.

It is not unusual for financial institutions of different localities to have similar names, except as to places of domicile, as, for instance, the various national banks designated by number. People buying mortgage bonds are not apt to rely entirely upon the reputation of the broker offering them, as they would in the case of a manufacturer or dealer offering merchandise. Furthermore, it hardly is possible that both concerns will offer the same issues of bonds at the same time. The possibility of deception of the public or injury to appellant by the similarity of names is very remote. We agree with the District Court in his conclusions. Pulitzer Publishing Co. v. Houston Printing Co. (C. C. A.) 11 F.(2d) 834.

Affirmed.