[S. F. No. 15727. In Bank.—September 29, 1936.]

J. H. CRANFORD, Petitioner, v. FRANK C. JORDAN, Secretary of State, etc., Respondent; TRANSAMER-ICA SERVICE CORPORATION (a Corporation) et al., Interveners.

Sterling Carr for Petitioner.

U. S. Webb, Attorney-General, and Robert W. Harrison, Chief Deputy Attorney-General, for Respondent.

466

Louis Ferrari, Edmund Nelson, O'Melveny, Tuller & Myers, Louis W. Myers, Jackson W. Chance, Ray H. Lindeman and John B. Hurlbut for Interveners.

THE COURT.—The petitioner tendered to the respondent, as. Secretary of State, for filing, articles of incorporation of Transamerica Corporation which the respondent declined to file on the ground that the name "Transamerica Corporation" was not open for corporate use or adoption in this state. He seeks the writ of mandate to compel respondent to file the articles of incorporation. By leave of this court the Transamerica Service Corporation, a domestic corporation, and the Transamerica Corporation, have intervened on behalf of the respondent. The former of the two corporations acquired its name by amendment of its articles of incorporation in December, 1931, and ever since that time has been known as "Transamerica Service Corporation". Under the view we now entertain it is unnecessary for us to further describe the Transamerica Corporation, organized under the laws of the state of Delaware, than to say that it is a holding corporation of many corporations doing business in California, including the Transamerica Service Corporation.

The respondent refused to file the articles of incorporation tendered by petitioner under the authority of section 291 of the Civil Code, the first paragraph of which reads as follows: "The Secretary of State shall not file articles which set forth a name which is likely to mislead the public or which is the same as, or resembles so closely as to tend to deceive, (1) the name of a domestic corporation, or (2) the name of a foreign corporation which is authorized to transact business in this state, or (3) a name which is under reservation, except to the applicant therefor."

The question is whether the name proposed by petitioner resembles so closely the name of Transamerica Service Corporation as to tend to deceive. We have no hesitancy in declaring that respondent executed the duty reposing upon him strictly in accord with the quoted section in order to prevent deception. Obviously, the key word in the name of the intervening domestic corporation is "Transamerica". That key word is proposed as the name of the new corpo-

ration. The authorities are legion to the effect that two names in which the key word is identical are so similar as to tend to deceive. Among them we may cite, *Delaware Charter Co.* v. *Delaware Charter Service Co.*, 16 Del. Ch. 246 [144 Atl. 659]; *State* v. *Hinkle*, 139 Wash. 651 [247 Pac. 1029] (the names involved being [1] Carnation Milk Products Co. and [2] Carnation Ice Cream Co.); *Chas. S. Higgins Co.* v. *Higgins Soap Co.*, 144 N. Y. 462 [39 N. E. 490, 43 Am. St. Rep. 769, 27 L. R. A. 42], and cases there cited; *B. Forman Co.* v. *Forman Mfg. Co.*, 119 Misc. 87 [195 N. Y. Supp. 597]; *Holland Furnace Co.* v. *New Holland Mach. Co.*, 24 Fed. (2d) 751; *Lloyds Bank* v. *Lloyds Investment Trust Co., Limited*, 28 T. L. R. 379. Assuming that the public would make use of reasonable intelligence and discrimination, yet we are persuaded that the similarity is sufficient that great confusion would result. It is to be noted that unlike those cases where proof of actual deception is required the section here involved precludes the adoption of a corporate name which "will tend to deceive". The Secretary of State is required, under such circumstances, to refuse to file the articles.

Petitioner places great reliance upon the case of *Rixford* v. *Jordan*, 214 Cal. 547 [6 Pac. (2d) 959], but there is nothing in that case at variance with or inconsistent with our conclusion here. In fact the reasoning and the text support the opinion at which we have arrived.

 Finally, it should be said that the respondent has obeyed the mandate of the section which we have quoted. It is his opinion that the name is one which would tend to mislead the public. The section vests in him a certain discretionary power which he may be compelled to exercise, but which, in the absence of an abuse of discretion, we should not compel him to exercise in any particular manner. In other words, where it appears that there is a reasonable basis for the action of a public officer possessing discretionary power we cannot substitute our judgment for his. (*Bank of Italy* v. *Johnson*, 200 Cal. 1, 31 [251 Pac. 784]; *Rixford* v. *Jordan, supra*, p. 555; *State* v. *Hinkle, supra*.) The petitioner has failed to disclose a meritorious reason why we should interfere by the writ of mandate to allow him

to make use of a corporate designation which is apt to deceive. No other points require discussion.

The peremptory writ is denied.