## PAN–AMERICAN TRADING CO. v. HINOJOSA et al.

### No. 361.

District Court, W. D. Missouri, W. D.

March 12, 1941.

Tyree G. Newbill and W. Arnold Brannock, Jr., both of Kansas City, Mo., for plaintiff.

W. A. Hill and Eugene J. Damon, both of Kansas City, Mo., for defendant.

REEVES, District Judge.

This is a suit by the plaintiff, a New York corporation, to restrain the use by the defendants, of a similar name in the transaction of business. Both parties are engaged in export trade, the one at New York and the other at Kansas City. The plaintiff carries on its business as principal whereas, for the most part, the defendants act as agents. Moreover, the defendants employ their trade-name in soliciting business rather than transacting business. In such transactions the defendants act in the name of their principal. There is one exception, and that is in doing business with a milling company and in exporting corn-meal they use their trade-name.

According to the testimony there were two instances where there was slight confusion in the names used by the parties. This confusion, however, did not involve trade deceptions. In one case, a resident

of Kansas City had had correspondence with the plaintiff. Because one of his letters had not been answered he sought to find the plaintiff's agent in Kansas City and, in doing so, communicated with the defendants. There was no deception, however, and the transaction could hardly be accounted as confusing. The other instance was one where a remittance or a communication was simply sent to the address of the wrong party. There was no evidence that the use of the same name had deceived the public or those doing business with either of the parties. Moreover, it appeared that both parties sought purchasers in foreign communities and that this advertising was in foreign localities where it was desired to develop sales.

Other facts will be stated if they become pertinent in the course of the opinion.

 1. It is the law that both corporations and individuals may adopt and use names and trade-names within the sovereignty of their creation and domicile. This is true even though other sovereignties or states may grant similar names to corporations and permit the use of similar trade-names. There are of course limitations upon this right. If it appears that a corporation or an individual of another state or sovereignty is doing business within the state or sovereignty where a name is proposed, the authorities would not permit the use of such name, as obviously it would infringe upon the name of another doing business in such state and bring about an unfair trade practice or unfair competition.

Such condition did not exist in this case. The plaintiff was incorporated under the laws of New York in 1907. At that time it did both an import and an export business. In 1919 it amended its charter so as to limit its privilege to the carrying on of an export trade.

 2. The two parties are widely separated from each other in the transaction of business. It has been held that there could be no confusion of identity between two establishments using a similar name, and located in the cities of New York and Chicago. Arnheim v. Arnheim, 28 Misc. 399, 59 N.Y.S. 948.

While undoubtedly there are cases where the name of a business would be protected even though the principal places of business are a considerable distance from each other, yet the right to a trade-name in which a business is conducted is usually of only local extent, "and the name will be protected against use by others only in the locality where the business is conducted and the name is known, the right being co-extensive with, and limited to, plaintiff's market." 63 C.J. § 123, p. 444.

In the case of Fidelity Bond & Mortgage Co. v. Fidelity Bond & Mortgage Co. of Texas, 37 F.2d 99, the Court of Appeals, Fifth Circuit, had before it an almost identical question. In that case it appeared that the plaintiff had first appropriated the name and was doing some business in Texas. The court said: "It is not unusual for financial institutions of different localities to have similar names, except as to places of domicile * * *. People buying mortgage bonds are not apt to rely entirely upon the reputation of the broker offering them, as they would in the case of a manufacturer or dealer offering merchandise. Furthermore, it hardly is possible that both concerns will offer the same issues of bonds at the same time. The possibility of deception of the public or injury to appellant by the similarity of names is very remote."

In 26 R.C.L. p. 877, section 54, while discussing the subject of trade-marks it was pointed out that the use of the same name would not justify an injunction save in that territory "wherein the business of the two compete." In this case there is no competition worthy of the name.

The Supreme Court in Hanover Star Milling Co. v. Metcalf, 240 U.S. 403, local citations 415 and 426, 36 S.Ct. 357, local citation 361, 60 L.Ed. 713, discussed and approved the principle applicable in this case. Note the language: "But where two parties independently are employing the same mark upon goods of the same class, but in separate markets wholly remote the one from the other, the question of prior appropriation is legally insignificant; unless, at least, it appear that the second adopter has selected the mark with some design inimical to the interests of the first user, such as to take the benefit of the reputation of his goods, to forestall the extension of his trade, or the like."

In this case the evidence was conclusive that the defendants had no thought or purpose to interfere in any way whatsoever with the business of the plaintiff or even to trespass upon its name. The defendants said that they never heard of the plaintiff until a complaint had been filed with the Federal Trade Commission. (In-

cidentally, that body did not find any unfair competition or trade practice in the use of the two names.) This occurred in 1934 and 1935.

In a separate concurring opinion in Hanover Milling Co. v. Metcalf, 240 U.S. local citation 426, 36 S.Ct. local citation 365, 60 L.Ed. 713, Mr. Justice Holmes said: "I do not believe that a trademark established in Chicago could be used by a competitor in some other part of Illinois on the ground that it was not known there. I think that if it is good in one part of the state, it is good in all. But when it seeks to pass state lines, it may find itself limited by what has been done under the sanction of a power co-ordinate with that of Illinois and paramount over the territory concerned. If this view be adopted we get rid of all questions of penumbra, of shadowy marches where it is difficult to decide whether the business extends to them. We have sharp lines drawn upon the fundamental consideration of the jurisdiction originating the right."

In view of the facts and applicable principles of law, the plaintiff is not entitled to the injunction sought, and its bill will be dismissed.