**SEABOARD FINANCE COMPANY**

v.

**Honorable Wade O. MARTIN, Jr., Secretary of State of the State of Louisiana, et al.**

**Civ. A. No. 6121.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Sept. 27, 1962.

Gibbons Burke, New Orleans, La., for plaintiff.

Murray F. Cleveland, New Orleans, La., for Seaboard Finance Co.

C. C. Wood, Sp. Asst. Atty. Gen., for defendant.

CHRISTENBERRY, Chief Judge.

The foregoing matter having been tried to the Court without a jury, and having heard evidence and argument of counsel, and having taken time to consider, the Court has made the following findings of fact and conclusions of law:

FINDINGS OF FACT

I.

Plaintiff, Seaboard Finance Company, was originally organized under the corporate title "Seaboard Finance Corporation" on October 10, 1935, under the laws of Delaware.

II.

On April 18, 1946, Seaboard Finance Company of California was merged into plaintiff, which had changed its name to Seaboard Finance Company.

III.

By means of successive mergers other companies were merged into plaintiff and plaintiff is the resulting corporation of such mergers.

IV.

As of June 30, 1956 (shortly before these proceedings were filed) plaintiff was operating a number of offices in various states under the name Seaboard Finance Company, but as of that date no offices were being operated by plaintiff in Louisiana, Mississippi, Arkansas or Texas.

V.

Seaboard Finance Corporation, defendant, was organized under the laws of Louisiana on January 2, 1953, and has been doing business in New Orleans, Louisiana, since that time under the name "Seaboard Finance Corporation"

VI.

Later in 1953 plaintiff attempted to qualify to do business in Louisiana under the name Seaboard Finance Company, but this right was denied by the Louisiana Secretary of State on the ground that plaintiff's name was deceptively similar to the name which defendant had previously been authorized to use.

VII.

Plaintiff, Seaboard Finance Company, took no further steps in Louisiana with respect to the use of the name "Seaboard Finance Company" or "Seaboard Finance Corporation" until September, 1956, at which time plaintiff again attempted to qualify to do business in Louisiana under the name "Seaboard Finance Company".

VIII.

In 1956 the Louisiana Secretary of State again refused to permit plaintiff to qualify to do business in Louisiana under the name "Seaboard Finance Company" but agreed to authorize plaintiff to use the name "Seaboard Finance Company of Delaware, Inc."

IX.

At all times between 1953 and 1956 plaintiff knew that defendant was operating a finance business in New Orleans, Louisiana, under the name "Seaboard Finance Corporation", but plaintiff offered no excuse or justification for failing to

take any steps for a period of more than three years to enjoin or otherwise prevent defendant from developing business and good will in Louisiana under the name "Seaboard Finance Corporation".

## X.

Since 1956 plaintiff has been operating one office in Louisiana under the name "Seaboard Finance Company of Delaware, Inc."

## XI.

Operation by plaintiff of an office in New Orleans under the name "Seaboard Finance Company of Delaware, Inc." has been profitable, and there is no evidence that damage of any kind was sustained by plaintiff as a result of defendant's use of the name "Seaboard Finance Corporation".

## XII.

According to the testimony of the former manager of plaintiff's New Orleans office, plaintiff made a net profit of more than $170,000.00 during the first three years of operation; the New Orleans office of plaintiff was opened primarily for the purpose of servicing certain "dealer accounts" which were controlled by plaintiff; by far the most important factor in a successful business of this kind is local management; plaintiff's New Orleans office rarely, if ever, received any business from persons who had formerly dealt with or known of Seaboard Finance Company; and the name was of insignificant importance at the outset; but the importance of a name in conducting a business of this kind increases as operations in the local area extend over a period of time.

## XIII.

Shortly before organizing Seaboard Finance Corporation, defendant, one of its prospective principal stockholders wrote to the Louisiana Secretary of State, requesting permission to use any one of three corporate names, including Seaboard Finance Corporation, and the Louisiana Secretary of State replied that Seaboard Finance Corporation was the only one of said three names available for corporate use in Louisiana as the other two were already in use.

## XIV.

Between January 2, 1953 and the date of the trial (November 21, 1961) defendant handled more than 7,000 loans in New Orleans, under its name, Seaboard Finance Corporation.

## XV.

Plaintiff offered no proof of the value of its alleged right to prevent the use of the name "Seaboard Finance Corporation" in Louisiana, or of the alleged right to the exclusive use of the name "Seaboard Finance" in Louisiana.

## XVI.

Defendant rarely received a call from any borrower or prospective borrower who indicated any previous knowledge of or business with any other company using the name "Seaboard"; and any such call was immediately referred to plaintiff's office in New Orleans (operating under the name of Seaboard Finance Company of Delaware, Inc.).

## XVII.

A substantial part of the business obtained by a finance company in this area depends upon the activities of local management, including contacts with "dealers" who sell appliances, automobiles, etc., requiring financing.

## XVIII.

The name of a finance company operating in New Orleans is of relatively insignificant importance when the business commences, but the name acquires more and more significance as time elapses and more and more customers in the community become familiar with the name and have satisfactory experiences with the company using that name.

## XIX.

A very substantial part of defendant's business is obtained through dealer contacts developed by defendant, and from former satisfied customers of defendant and persons referred to defendant by its satisfied customers.

**124**

## CONCLUSIONS OF LAW

### I.

■■ Where the defendant attacks the allegations of jurisdictional amount, the burden is on the plaintiff to support it by competent proof. McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; KVOS, Inc. v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183. Indeed the Court may itself raise the question of jurisdiction. Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001.

### II.

■ Plaintiff has failed to prove that the value of the matter in controversy exceeds the minimum jurisdictional requirement.

### III.

The Louisiana law prohibits the Louisiana Secretary of State from permitting a corporation to do business in Louisiana where its name is the same as, or deceptively similar to, that of any other corporation previously authorized to do business in Louisiana. Lousiana Revised Statutes of 1950, Title 12, Sec. 203.

### IV.

■ A foreign corporation has no right to enjoin a domestic corporation which has been chartered under a similar name from continuing to do business under that name, especially in the absence of fraud, deception or confusion. 13 American Jurisprudence, "Corporations", Sec. 135; International Trust Company v. International Loan and Trust Co., 153 Mass. 271, 26 N.E. 693, 10 L.R.A. 758; Board of Insurance Commissioners v. National Aid Life (Tex.Civ.App.), 73 S.W. 2d 671. See also: Fidelity Bond & Mortgage Co. v. Fidelity Bond & Mortgage Co. of Texas (C.C.A.–5) 37 F.2d 99.

### V.

■ Where a state Secretary of State has denied the right of a corporation to do business in that state on the ground that its name is deceptively similar to another name already in use, the Court will not interfere with the decision of the Secretary of State in the absence of a clear abuse of discretion. Cranford v. Jordan, 7 Cal.2d 465, 61 P.2d 45.

### VI.

■ Any right of a foreign corporation to equitable relief against a domestic corporation using the same or a similar name may be lost by acquiescence and laches; 23 American Jurisprudence "Foreign Corporations", Sec. 228, page 200; Creswill v. Grand Lodge Knights of Pythias, 225 U.S. 246, 32 S.Ct. 822, 56 L.Ed. 1074; and Economy Food Products Co. v. Economy Grocery Stores Corp., 281 Mass. 57, 183 N.E. 49.

### VII.

■■ Relief of an equitable nature is granted only to those who manifest reasonable diligence in asserting their rights and demanding equitable protection, and such relief will be denied those who sleep upon their alleged rights to the prejudice of the party against whom relief is asked. This principle has peculiar force when the injunctive power of the Court is invoked. Laches or inexcusable delay will not be countenanced when this special form of relief is sought. 28 American Jurisprudence, "Injunctions", Sec. 59, et seq.; Economy Food Products Co. v. Economy Grocery Stores Corp., supra; American Automobile Ass'n v. Automobile Ass'n of New Jersey, 142 N.J. Eq. 673, 61 A.2d 148.

Upon the above and foregoing Findings of Fact and Conclusions of Law judgment has been rendered dismissing plaintiff's complaint, at its cost.