[No. 13990. Department Two. May 5, 1917.]

THE STATE OF WASHINGTON, on the Relation of Progressive Motion Picture Company, Plaintiff, v. I. M. HOWELL, Secretary of State, Defendant.[1]

CORPORATIONS—FILING ACTICLES—DUPLICATIONS—RIGHT TO TRADE-NAME—SECRETARY OF STATE—POWERS—STATUTES. Under Rem. Code, § 3680, providing that no corporation shall take the name of another theretofore organized under the laws of the state and that the secretary of state shall refuse to file articles violating this section, the secretary of state has no authority to file articles and issue a license to a foreign corporation upon allegations and proof to the effect that a domestic corporation of the same name had theretofore unlawfully and fraudulently appropriated the foreign corporation's trade-name, and wrongfully filed its articles and procured a license; since the secretary of state has no authority to determine the right to the trade-name in question.

MANDAMUS—WHEN LIES — TO STATE OFFICERS—PARTIES. Where action was promptly commenced, mandamus lies to compel the secretary of state to strike articles of incorporation from the records and cancel a license to do business, where, under the mandatory

[1]Reported in 164 Pac. 917.

provisions of Rem. Code, § 3680, it was the plain duty of the secretary to refrain from filing the articles and issuing the license, notwithstanding the corporation was not made a party to the proceeding.

Application filed in the supreme court, February 5, 1917, for a writ of mandamus to compel the secretary of state to strike from the records the name of a corporation and cancel the license issued thereto. Granted.

*Gerard Ryzek*, for petitioner.

*The Attorney General* and *Hance C. Cleland, Assistant,* for defendant.

*Cassius E. Gates, amicus curiae.*

PARKER, J. — The relator, Progressive Motion Picture Company, a domestic corporation, seeks in this court a writ of mandamus to compel the secretary of state to strike from the records of his office the name of the "Progressive Motion Picture Company," a California corporation, and cancel the license of that corporation authorizing it to do business in this state.

On September 23, 1916, Gerard Ryzek and J. E. Doughty, residents of Pasco, in this state, duly executed articles of incorporation looking to the organization of relator under the laws of this state. On September 25, 1916, they filed in the office of the secretary of state the articles so executed, paid the filing fee therefor, and also paid the annual license fee required by law, received from him a certificate of incorporation evidencing its existence under the name of "Progressive Motion Picture Company," and also received from him a license authorizing it to do business. At that time the records in the office of the secretary of state did not show that any other corporation of the same or a similar name was organized under the laws of this state, or that any foreign corporation of the same or similar name had complied with the laws of this state authorizing it to do business therein. On November 24, 1916, the "Progressive Motion Picture

Company," a California corporation, tendered to the secretary of state a duly certified copy of its articles of incorporation evidencing its existence under the laws of the state of California, together with a written appointment of a resident agent in this state, looking to its acquisition of the right to do business in this state under the provisions of §§ 3720, 3721 and 3722, Rem. Code. It also tendered the filing and license fees required by law in such cases, and thereupon the secretary of state received and filed in his office the papers so tendered, and issued to it a license to do business in this state, notwithstanding relator was then a corporation of exactly the same name, existing and licensed under the laws of this state, as appeared from the records in his office. On January 15, 1917, relator demanded of the secretary of state that he strike from the records of his office the name of the California corporation and cancel its license, claiming that the receiving and filing of its articles of incorporation and the issuance of a license to it by the secretary of state was a wholly unauthorized and illegal act on his part and in violation of the rights of relator, because it was at that time an existing corporation under the laws of this state, having the same name as the California corporation. The facts thus far summarized by us are not controverted.

For the purpose of inducing the secretary of state to file its certified copy of articles of incorporation and its appointment of a resident agent, and to issue a license to it as a foreign corporation, notwithstanding the relator was then shown by the records of his office to be an existing domestic corporation of the same name, the California corporation caused to be presented to the secretary of state certain affidavits wherein it was stated, in substance, that a controversy between the incorporators of relator and the California corporation arose and was existing at the time of the incorporation of relator, in connection with the film or motion picture business at Pasco, and that the incorporation of relator was a move on the part of its incorporators in connection with that

controversy and for the purpose of appropriating the name of the California corporation, and not in good faith for the purpose of organizing relator as a corporation under the laws of this state. The fact of the presentation of these affidavits to the secretary of state, the fact that the California corporation knew, at the time it tendered the filing of its papers to the secretary of state, that relator was, as the records of that office showed, a duly organized and licensed corporation under the laws of this state, and the fact that the statements in the affidavits induced the secretary of state to receive and file the papers tendered by that corporation and issue to it a license to do business in this state as a foreign corporation, are not in dispute. Other facts stated in the affidavits, however, are for the most part controverted. However, as we proceed we think it will become plain that the only fact so disclosed which can have any possible relevancy to the question we are here called upon to decide is the fact that the California corporation had knowledge of the prior and existing incorporation of relator as evidenced by the records in the office of the secretary of state, and it might well be argued that even that fact is immaterial.

Counsel for relator rests its claimed right to have the name of the California corporation stricken from the records of the office of the secretary of state and its license cancelled upon the provisions of Rem. Code, § 3680, reading as follows:

"No corporation shall take the name of a corporation theretofore organized under the laws of this state, nor of any foreign corporation having complied with the laws of this state, nor one so nearly resembling the name of such other corporation as to be misleading. The secretary of state shall refuse to file said articles of incorporation of any association or corporation violating the provisions of this section."

It is provided by our mandamus statute that a writ of mandamus "may be issued by any court, except a justice's or a

police court, to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station, . . ." (Rem. Code, § 1014). It is plain that § 3680, above quoted, "especially enjoins" upon the secretary of state that he refrain from filing in his office articles of incorporation looking to the incorporation of a domestic corporation or the authorization of a foreign corporation to do business in this state, of the same name as that of a domestic corporation existing under the laws of this state, or a foreign corporation authorized and licensed under our statute to do business in the state. Whatever doubt there may have been as to the application of § 3680 to the authorization of foreign corporations to do business in this state, so far as the duplication of names is concerned, was removed by the decision of this court in *State ex rel. Baker River & S. R. Co. v. Nichols,* 51 Wash. 619, 99 Pac. 876.

Much discussion is indulged in, and many authorities cited by counsel for the secretary of state, having to do with the respective rights of these corporations to the use of the name "Progressive Motion Picture Company" as a trade-name. Whatever the rights of either of these companies may be to the use of that name as a trade-name we think is foreign to any proper subject of inquiry here. There are numerous authorities holding that the mere acquiring of a corporate name by the organization of a corporation in accordance with statute, or the mere acquiring of the right of a foreign corporation to do business in a state in accordance with statute, does not give to either of such corporations the right to do business in its corporate name in violation of the trade-name rights of others. *Grand Lodge A. O. U. W. of Iowa v. Graham,* 96 Iowa 592, 65 N. W. 837, 31 L. R. A. 133; *Hainque v. Cyclops Iron Works,* 136 Cal. 351, 68 Pac. 1014; *General Film Co. v. General Film Co.,* 237 Fed. 64; *Blackwell's Durham Tobacco Co. v. American Tobacco Co.,* 145 N. C. 367, 59 S. E. 123. But this is not the question here for decision,

nor will our disposition of this case impair in the least whatever rights either of these corporations may have as against the other rested upon its claimed trade-name rights.  This is simply a question of the secretary of state having failed to perform a plain duty enjoined upon him by the express language of § 3680, above quoted, which duty, we are of the opinion, the relator had an equally plain right to have performed; and having promptly asked for relief in that behalf, is now entitled to have that duty in effect performed by striking the name of the California corporation from the records of the office of the secretary of state and the license of that corporation cancelled.  It may be that, had not the Washington corporation moved promptly in seeking relief by mandamus, it would have lost its right to invoke that remedy against the secretary of state because of rights the California corporation might possibly have acquired which could be rested upon estoppel or laches as against relator.  It may also be true that had the names of these corporations, instead of being exactly alike, only resembled each other with a difference such as to furnish room for honest difference of opinion as to whether they so resembled each other "as to be misleading," thus presenting a question for the exercise of judgment on the part of the secretary of state for decision, we would not award relator relief by mandamus.  But the resemblance of these names to each other is so complete, they being exactly the same, that there is no room for exercise of judgment upon the question of their similarity, hence there was no question for the secretary of state to decide in that respect as to which there was any room for difference of opinion.  The secretary of state, in our opinion, had no authority whatever to entertain the question of what right either of these companies had against the other to the use of the name "Progressive Motion Picture Company," except as he was required to determine that question from his own records, and when, by reference thereto, it appeared that the Washington corporation was duly organized as such and had issued to it a

license, the scope of his inquiry was at an end and he had no authority whatever to file articles of any other corporation, domestic or foreign, or to issue a license to any other corporation, domestic or foreign, of the same name. Such is the plain mandatory provision of § 3680.

We have not lost sight of the general rule invoked by counsel for the secretary of state, citing 26 Cyc. 149, and other authorities, that mandamus will ordinarily not be awarded as a remedy where the rights of third parties may be injuriously affected, they not being heard. But we are of the opinion, in view of the plain duty of the secretary of state to have refrained from filing the California corporation's articles and the issuing to it of a license, and the prompt application of the relator for mandamus in this proceeding, that such remedy should not be denied relator because the California corporation is not being heard here. We think the undisputed facts before us render it plain that the California corporation has no such possible rights as entitle it to be heard here. It is true it will, by the issuance of a writ in this proceeding, be in effect denied the right to do business in this state as a foreign corporation, except such business as a foreign corporation may do without filing copies of its articles and procuring a license, but this is a right that it manifestly never possessed. It was bound to know the law, and having actual knowledge of the existence of a domestic corporation of exactly the same name, it never acquired any right under our statutes relating to the doing of business in this state by a foreign corporation. Whether or not it has the right to do business in this state such as a foreign corporation may do without complying with the provisions of our statute relative to the domestication of foreign corporations, and has acquired any trade-name rights in that behalf as against the rights of the Washington corporation, is a question it is free to litigate in our courts. Whether or not the Washington corporation may be adjudged to have no lawful existence because of fraud in its organization, by pro-

ceedings in the nature of *quo warranto* to the end that its name be stricken from the records of the office of the secretary of state, leaving the name open to the California corporation, is also a question which may be presented to our courts. But these are not questions for the secretary of state to decide. In conclusion, we feel impelled to say that the record before us indicates that the secretary of state acted with the best of motives in his action here in question. He simply mistook his legal duty.

We conclude that a writ of mandamus must issue as prayed for, requiring the secretary of state to strike the name of the California corporation from the records of his office and cancel its license to do business in this state. It is so ordered.

ELLIS, C. J., FULLERTON, and HOLCOMB, JJ., concur.