[No. 17141.  Department One.  May 9, 1922.]

THE STATE OF WASHINGTON, *on the Relation of Bellingham Publishing Company, Plaintiff,* v. J. GRANT HINKLE, *as Secretary of State, Respondent.*[1]

CORPORATIONS (24)—NAME—USE OF SIMILAR NAME BY OTHERS—DISCRETION OF SECRETARY OF STATE.  The discretion of the secretary of state in determining that the names "Bellingham American Publishing Company" and "Bellingham Publishing Company" are not so similar as to be misleading, under Rem. Comp. Stat., § 3806, prohibiting corporations from adopting similar names, the courts will not review the same, by mandamus, since the same cannot be said to be arbitrary or capricious; although an action in equity may lie to determine the effect, or to enjoin unfair competition (FULLERTON, J., dissenting).

Application filed in the supreme court March 22, 1922, for a writ of mandamus to compel the secretary of state to strike from the records the name of a corporation and cancel the license issued thereto.  Denied.

[1]Reported in 206 Pac. 942.

*Newman, Howard & Kindall,* for relator.

*The Attorney General* and *C. G. Jeffers, Assistant,* for respondent.

*Pemberton Sampley, amicus curiae.*

Tolman, J.—This is an original proceeding by which petitioner seeks a writ of mandate to compel respondent, as secretary of state, to strike from the records of his office the filing of the articles of incorporation, and the certificate issued on such filing, to the Bellingham American Publishing Company.

Petitioner alleges that it has duly existed as a corporation under the laws of this state under its present name since December 11, 1911; that it was incorporated to succeed the "Fairhaven Publishing Company" and the "American Printing Company" (both Washington corporations); that it published for some time thereafter a daily newspaper known as "The American," and a Sunday newspaper known as "The Sunday American Reveille," and after changing the names of its publications, it carried, and still carries in its present publications, subheads and subtitles in which the word "American" appears, and which indicate that the present publications are all successors to those above mentioned. It is further alleged that respondent, about December 31, 1921, accepted for filing articles of incorporation of a corporation to be known as the "Bellingham American Publishing Company," with its principal place of business at Bellingham, Washington (the place of business and the habitat of petitioner), and whose purpose was and is to publish at Bellingham a daily newspaper to be known as the "Evening American," and a Sunday newspaper to be known as "The Sunday American," and afterwards issued to it a certificate of incorporation; and finally, it is alleged that the name of said new corporation, "Bellingham Ameri-

can Publishing Company," so nearly resembles the
name of petitioner, "Bellingham Publishing Com-
pany," as to be misleading, and that respondent acted
arbitrarily and abused his discretion in accepting and
filing these articles.

It is at once obvious, and indeed is admitted by peti-
tioner, that neither the secretary of state nor this court
was, or can now be, in any manner concerned with the
names  of the various publications referred to, past,
present or future.   That subject is one upon which
petitioner may invoke the aid of equity in an action in
the proper superior court in which all concerned may
be made parties. *State ex rel. Progressive Motion Pic-
ture Co. v. Howell,* 96 Wash. 163, 164 Pac. 917. We are
now concerned only with the names of the two corpora-
tions and the question as to their similarity. The
statute upon this subject, Rem. Comp. Stat., § 3806,
reads:

"Private corporations may be formed in the manner
prescribed by the laws of this state governing corpora-
tions for any purpose for which individuals may law-
fully associate.  No corporation shall take the name of
a corporation theretofore organized under the laws of
this state, nor of any foreign corporation having com-
plied with the laws of this state, nor one so nearly re-
sembling the name of such other corporation as to be
misleading.  The secretary of state shall refuse to file
said articles of incorporation of any association or cor-
poration violating the provisions of this section."

The respondent, having in good faith, so far as here
appears, exercised his judgment and discretion, and
thereby determined that the names do not so nearly
resemble each other as to be misleading, the primary
question is, may his action be now reviewed by the
courts? The general rule is, we think, that when the
law vests in a public officer the right to use discretion,
the courts will not interfere unless it appears that the

action taken was arbitrary or capricious. In discussing this question in *Diamond Drill Contracting Co. v. International Diamond Drill Contracting Co.,* 106 Wash. 72, 179 Pac. 120, this court said:

"The secretary of state, having accepted the filing of the articles of appellant, has exercised his discretion and determined that the two names are not misleading. The appellant argues therefrom that the respondent is bound by that determination, and in this action cannot collaterally attack the action of the secretary of state, and that such action can only be reviewed in a direct proceeding, and then only for mistake, abuse, or want of jurisdiction; and if there was ground for an honest difference in opinion, the secretary of state, having exercised his judgment, that exercise cannot be here reviewed. *State ex rel. Megler v. Forrest,* 13 Wash. 268, 43 Pac. 51.

"It is probably true that the action of the secretary of state in allowing the filing of the appellant's articles cannot be brought into question in this proceeding; and, in a direct action against the secretary of state for the purpose of securing the cancellation of such filing, the court would not interfere with the exercise of his discretion; for, as we said in *State ex rel. Progressive Motion Picture Co. v. Howell,* 96 Wash. 163, 164 Pac. 917:

" 'It may also be true that had the names of these corporations, instead of being exactly alike, only resembled each other with a difference such as to furnish room for an honest difference of opinion as to whether they so resembled each other "as to be misleading," thus presenting a question for the exercise of judgment on the part of the secretary for decision, we would not award relator relief by mandamus.' "

. We squarely applied the rule to county commissioners in *State ex rel. Yeargin v. Maschke,* 90 Wash. 249, 155 Pac. 1064, and no good reason is now perceived why it should not likewise apply to the secretary of state. Adopting then that rule definitely, we cannot find anything in the situation here which leads us to

the conclusion that respondent acted arbitrarily or capriciously in the matter complained of. Any name selected which contains the name of the city where the corporation is to function and describes the business to be carried on must, to some extent, resemble the corporate name of any other concern of the same city engaged in the same business, which likewise has identified itself and its business in the same manner. The word ''American'' seems as distinctive as the word ''International,'' the use of which was upheld in the *Diamond Drill Contracting Co.* case *supra,* and therefore we must hold that the respondent properly exercised his discretion. This, however, without prejudice, because it may be demonstrated by actual experience and in practical operations that the similarity which does exist will prove misleading to the extent of constituting unfair competition which equity will enjoin.

The alternative writ will be quashed and a permanent writ denied.

PARKER, C. J., and MITCHELL, J., concur.
BRIDGES, J., concurs in the result.

FULLERTON, J. (dissenting)—The statute in plain terms requires the secretary of state to refuse to file articles of incorporation wherein the corporation tendering the articles has taken the name of an existing corporation, or has taken a name so nearly resembling the name of such corporation as to be misleading. This is a direct limitation upon the power of the secretary and, in my opinion, the courts should compel him to heed the requirement, regardless of the question whether he acts in bad or in good faith. The effect upon the existing corporation is the same, no matter what may be the intentions of the secretary, and it should have the same remedy in the one case as in the other. Nor can I subscribe to the doctrine that the sec-

retary of state can, by filing articles of a corporation which has taken the name of another, or a name so similar as to be misleading, confer rights upon such a corporation. In my opinion, the act of the secretary is unlawful, that it confers rights on no one, and that the injured corporation need look no further than to the secretary for the correction of the wrong. The contrary holding is to place the burden of correcting the wrong upon the innocent party; it is to compel him to assume the burden of establishing injury, whereas the burden should be placed on the invading corporation, the corporation guilty of the wrong, to show that no injury will result.

On the further question, whether the name adopted by the second corporation so closely resembles the first as to be misleading, I am of the opinion that it does; or, at least, that there is sufficient doubt to require the secretary to refuse the filing. The court, therefore, should require the secretary to strike the name from the lists, and compel the corporation tendering the filing to assume the burden of proving the contrary, if it persists in its claimed right to adopt the selected name.