[No. 19219.   Department Two.   April 24, 1925.]

THE STATE OF WASHINGTON, *on the Relation of Tacoma Savings & Loan Association, Plaintiff,* v. J. GRANT HINKLE, *as Secretary of State, Respondent.*[1]

BUILDING AND LOAN ASSOCIATIONS (1)—CORPORATIONS (8)—NATURE OF CORPORATION—LICENSE FEES—STATUTES—CONSTRUCTION. Building and loan associations, required by law to incorporate, and referred to as corporations, are within Rem. Comp. Stat., § 3836, requiring all corporations to pay a filing fee, although exempted from the payment of annual license fees by other provisions.

CORPORATIONS (8)—PAYMENT OF LICENSE FEES—AMOUNT—"AUTHORIZED" CAPITAL STOCK. Rem. 1923 Sup., § 3836, amending Rem. Comp. Stat., § 3836, and requiring a corporation to pay a filing fee in proportion to its authorized capital stock, requires building and loan associations to pay the fee based upon its authorized accumulations of capital stock, although stock may be accumulated by instalment payments of subscribing members which may be depleted by withdrawals.

Application filed in the supreme court March 18, 1925, for a writ of mandamus to the secretary of state to compel the filing of amended articles of incorporation.   Denied.

*Frank D. Nash,* for relator.

*The Attorney General* and *R. G. Sharpe, Assistant,* for respondent.

HOLCOMB, J.—This is an original proceeding in this court to compel, by mandate, the secretary of state to receive and accept the sum of $25 for the filing of amended articles of incorporation of relator, and for such further relief as to the court may seem meet and equitable.

The application calls for the construction of ch. 144, Laws of 1923, p. 462 [Rem. 1923 Sup., § 3836], relating

[1]Reported in 235 Pac. 29.

to fees for filing articles of incorporation and amendments thereto, § 1 of which act requires payment of filing fees in proportion to the authorized capital stock of a corporation, and § 2 [Rem. 1923 Sup., § 3837], of which requires, upon filing amended articles increasing the capital stock, payment of the fees prescribed in § 1, less amounts theretofore paid for filing fee of the original articles, or of prior amendments thereto.

Relator contends that ch. 144, *supra,* does not apply to fees to be charged for filing amendatory articles of savings and loan associations; respondent asserting the contrary.

Brushing aside objections to the jurisdiction of this court by respondent as not well taken (*State ex rel. Progressive Motion Picture Co. v. Howell,* 96 Wash. 163, 164 Pac. 917), we proceed at once to a determination of the merits.

Relator contends that building and loan associations are not true corporations, but are more in the nature of voluntary associations, and that ch. 144, *supra,* was not intended to, and does not apply to such associations, as they do not have a capital stock within the contemplation of that act.

Building and loan associations are undoubtedly corporations. They are required by law to incorporate. Rem. Comp. Stat., §§ 3716, 3718 [P. C. §§ 4565, 4567]. They are referred to throughout the statute as corporations. Rem. Comp. Stat., *supra,* and also §§ 3724, 3730, 3736, 3738 and 3742 [P. C. §§ 4573, 4579, 4585, 4087, 4592-1].

While the functions of such corporations are regulated by law and, as so regulated, are different in many respects from the functions of other private corporations, they are, nevertheless, as much private corporations as any other private domestic corporations.

In 1907, the legislature enacted ch. 140, Laws of 1907, p. 270. ''An Act fixing fees to be paid to the secretary of state by corporations doing business in this state, and providing penalties for failure to pay the same.'' Section 1 of that act provided:

''Every corporation incorporated under the laws of this state, . . . required by law to file articles of incorporation in the office of the secretary of state, shall pay to the secretary of state a filing fee of twenty-five dollars.'' Rem. Comp. Stat., § 3836.

Section 2 prescribes:

''Every corporation, foreign or domestic, desiring to file in the office of the secretary of state articles amendatory or supplemental, or certificates of increase or decrease of capital stock shall pay to the secretary of state a fee of ten dollars.'' Rem. Comp. Stat., § 3837.

Sections 3 to 5 are immaterial here.

Section 6 requires the payment of an annual license fee by all corporations foreign and domestic, with this proviso:

''. . . *Provided, however,* that building and loan companies paying special fees provided for in this [the] act under which the same are incorporated shall not be required to pay the regular fee provided herein.'' Rem. Comp. Stat., § 3841.

Section 9 excluded the following corporations from the provisions of that act:

''This act shall not apply to domestic corporations organized for religious, social, charitable or educational purposes, or to foreign corporations organized for like purposes, when not engaged in this state in the loaning of money or the conducting of any other business pursuits for profit.'' Rem. Comp. Stat., § 3849.

The provisions of the act of 1907 are codified in Rem. Comp. Stat., so far as they still remain in force, as §§ 3836 to 3842, and 3848 and 3849.

Sections 1, 2, and 3, Laws of 1907, p. 270, are amended by chapter 144, Laws of 1923, p. 462, as to the amount of fees to be paid, but not as to the corporations excepted from the payment of the fees exacted.

Section 6 (Rem. Comp. Stat., § 3841) fixing the annual corporation license fee is also amended by the act of 1923, which contains the following proviso:

"*Provided, however,* that building and loan and savings and loan associations paying special fees provided for in the act under which the same are incorporated shall not be required to pay the regular fee provided herein."

Manifestly, the above proviso, dealing only with annual license fees, exempts building and loan associations only from the payment of such annual license fees, and not filing fees.

Since, therefore, building and loan associations are expressly exempted from the payment of annual license fees required of other corporations by the provisions of § 6 .(§ 3841, Rem. Comp. Stat.) and not exempted from the payment of filing fees for articles and amendatory articles as provided by § 1 of the act (§ 3836, Rem. Comp. Stat.), unquestionably such associations are included in the statutory provisions for the payment of filing fees. It is apparent that the legislature had such associations in mind in both cases when providing for the payment of filing fees and license fees.

When, therefore, by ch. 144, Laws of 1923, § 1, ch. 140, Laws of 1907 (§ 3836, Rem. Comp. Stat.), was amended so as to read as follows:

"Section 3836. Every corporation incorporated under the laws of this state, or of any state or territory of the United States, or of any foreign state or territory, required by law to file articles of incorporation in the office of the secretary of state, shall pay to the

secretary of state a filing fee in proportion to its *authorized* capital stock as follows:   . . .

"Capital of $1,000,000.00, or more, and less than $2,000,000.00, fee $750.00; and $10.00 additional for each $1,000,000.00 or major fraction thereof, of capital stock in excess of $2,000,000.00,"

it included every corporation of every kind and character not excluded in the proviso of § 9, Laws of 1907, *supra* (§ 3849, Rem. Comp. Stat.).

The petition of relator in this case states that the amendment adopted by it pursuant to the statutes providing therefor, on December 10, 1923, provided for authorized accumulations of capital stock from $5,000,-000 to $10,000,000. It is argued that this authorized stock is not capital stock, but is only a system whereby the stock may be accumulated by payments of installments by the subscribing members up to the limit of the authorized stock; but that, in fact, the assets of such association depend entirely upon continuous payments of all of the installments subscribed for by the shareholders; and if they, or a majority of them, see fit to withdraw, the assets of such association will be thereby depleted to the extent of the amount of such withdrawals, and the contemplated accumulations might be entirely absorbed by the withdrawals.

This argument might be properly addressed to the legislature, and it may be that sound public policy regarding such economic associations warrant an exemption of such associations from the provisions of the statute as to the payment of such fees as are here prescribed; but, in this instance, the legislature has neither overlooked building and loan associations nor unintentionally omitted the same. The statute before us specifically requires payment to the secretary of state of a filing fee in proportion to its *authorized* capital stock. The word "authorized" seems to have been

used with careful precision. There is no doubt that, by the amended articles of relator, its *authorized* capital stock is $10,000,000. Such assessment is not exempted under the proviso of § 9, Laws of 1907 (§ 3849, Rem. Comp. Stat.).

While the argument of relator is ingenious and engaging that it was the intention of the legislature to exclude and exempt such corporations from the provisions of ch. 144, *supra,* it is clear to us that the legislature intended exactly the contrary.

The writ is denied.

TOLMAN, C. J., MITCHELL, and BRIDGES, JJ., concur.