[No. 21453.  Department Two.  December 20, 1928.]

THE STATE OF WASHINGTON, *on the Relation of Seattle Savings and Loan Association, Plaintiff,* v. J. GRANT HINKLE, *as Secretary of State, Respondent.*[1]

[1]Reported in 272 Pac. 959.

*Palmer, Askren & Brethorst* and *H. W. Haugland (Elvin P. Carney* of counsel), for plaintiff.

*The Attorney General* and *L. B. Donley, Assistant,* for respondent.

*Roberts, Skeel & Holman, Elwood Hutcheson,* and *A. E. Graham, amici curiæ.*

PARKER, J.—The relator, savings and loan association, seeks in this court a writ of mandate directing the secretary of state to file in his office a certificate of the increase of its actual accumulated capital, as provided by Laws of 1925, Ex. Ses., p. 397, § 1 (Rem. 1927 Sup., § 3716). Relator tendered to the secretary ten dollars, claiming that amount as the proper fee for his filing the tendered certificate. The secretary demanded a much larger fee, insisting that its amount must be determined by the statutory fees required to be paid for the filing of amendments to articles of incorporation, increasing the capital stock of corporations generally. Relator refused to pay the demanded larger fee. The secretary thereupon refused to file the tendered certificate, and relator commenced this original mandamus proceeding in this court.

On April 16, 1916, relator was duly organized as a savings and loan association under the laws of this state. The then existing law, relating to the organization of such associations, required that the articles of incorporation should specify, among other things, "the limit of capital to be accumulated." Laws of 1913, p. 326, § 1; Rem. Comp. Stat., § 3716. Accordingly, relator then specified in its articles of incorporation the limit of its capital to be accumulated at

two million dollars. Our then existing law, relating to the organization of corporations generally, prescribed a fee of twenty-five dollars for the filing with the secretary of articles of incorporation (Laws of 1907, p. 270, § 1; Rem. Comp. Stat., § 3836) ; and there being no special provision prescribing the fee for filing with the secretary articles of incorporation of savings and loan associations, relator then paid to the secretary twenty-five dollars for the filing of its articles of incorporation, which was accepted by him as the proper fee therefor. The then existing law provided in part as follows:

"On or before the first day of September in each year every savings and loan association doing business in this state shall deposit with the state auditor a report of its affairs and operations for the year ending on the 30th day of June immediately preceding. Such report shall be verified under oath by the president and secretary or by three directors of the association, and shall contain such information as the state auditor from time to time request. *Upon filing such report, there shall be paid to the state auditor for the state general fund, in lieu of all other corporation fees or licenses,* a fee determined as follows: If the assets of the association as shown by said report amount to fifty thousand dollars or less, a fee of ten dollars; if more than fifty thousand dollars and less than one hundred thousand dollars a fee of twenty dollars; if more than one hundred thousand dollars and less than two hundred fifty thousand dollars, a fee of thirty dollars; if more than two hundred fifty thousand dollars and less than five hundred thousand dollars, a fee of forty dollars; if more than five hundred thousand dollars and less than one million dollars, a fee of sixty dollars; and if more than one million dollars, a fee of one hundred dollars. . . . After receiving such report, the auditor, if satisfied that such association has complied with all the provisions of this act and is entitled to do business in this state, shall issue a certificate stating the compliance with such provisions, and that such association is entitled to do business in

this state, which certificate shall be in force for the period of one year unless sooner revoked." Laws of 1913, p. 339, § 18.

We have italicized the words of this quotation to be presently particularly noticed. This section was amended by the legislature in 1919, but only in minor particulars of no moment in our present inquiry. Laws of 1919, p. 503, § 11; Rem. Comp. Stat., § 3733. We note particularly that the italicized words remain unchanged. We note also that by other unchanged portions of the Laws of 1913, p. 326, the state reserves and exercises large supervisory powers over savings and loan associations, suggestive of the exacting of the fees prescribed by the above quoted section as compensation to the state for such supervision.

The legislature of 1923 passed an amendatory act, prescribing a new schedule of fees for the filing of original and amendatory articles of incorporation generally. Laws of 1923, p. 462, ch. 144.

In our decision in *State ex rel. Tacoma Sav. & Loan Ass'n v. Hinkle,* 134 Wash. 216, 235 Pac. 29, rendered April 24, 1925, while the fee schedule of the Laws of 1923, p. 462, was in effect, we held that the fees prescribed by that law for filing amended articles of incorporation were applicable to savings and loan associations, the same as to other corporations.

The legislature of 1925 amended § 1 of the Laws of 1913, p. 326, Rem. Comp. Stat., § 3716, to read in part as follows:

"The amount of authorized capital shall be unlimited and the capital shall be divided into shares of the ultimate value of $100 each.

"The actual accumulated capital at any time shall be deemed to be the authorized capital at such time and the filing fees as provided by law to be paid to the secretary of state shall be fixed by the amount of such

actual accumulated capital, provided however that whenever the amount of such actual accumulated capital is increased to an amount which under the statute fixing the filing fees of corporation would require the payment of a larger filing fee, within thirty days thereafter a certificate shall be executed by such association or society showing the amount of such actual accumulated capital, one copy of which shall be filed with the secretary of state and one copy with the county auditor of the county in which the chief place of business of said association or society is located, and the filing fee for such increased amount paid to the secretary of state." Laws of 1925, Ex. Ses., p. 397, § 1; Rem. 1927 Sup., § 3716.

The legislature of 1925 also amended ch. 144, Laws of 1923, p. 462, § 1, to read in part as follows:

"Every corporation incorporated under the laws of this state, . . . required by law to file articles of incorporation in the office of the secretary of state, shall pay to the secretary of state a filing fee in proportion to its authorized capital stock as follows: . . . Capital of $1,000,000 or more, and less than $2,000,000, fee $750; and $10 additional for each $1,000,000, or major fraction thereof, of capital stock in excess of $2,000,000: . . . Laws of 1925, Ex. Ses., p. 417, § 1; Rem. 1927 Sup., § 3836.

"Every corporation, foreign or domestic, desiring to file in the office of the secretary of state articles amendatory or supplemental articles increasing its capital stock, or certificates of increase of capital stock, shall pay to the secretary of state the fees prescribed in the preceding section for the total amount to which the capital stock of the corporation is so increased, less the amount already paid for filing the original articles of incorporation, or original articles and amendatory or supplemental articles, or certificates of increase, . . . For filing of other amendatory or supplemental articles, it shall pay a fee of $10." Laws of 1925, Ex. Ses., p. 418, § 2; Rem. 1927 Sup., § 3837.

Both of these amendments went into effect after our decision in *State ex rel. Tacoma Sav. & Loan Ass'n. v. Hinkle,* 134 Wash. 216, 235 Pac. 29.

On June 26, 1928, the stockholders of relator duly adopted an amendment to its articles of incorporation providing that "the amount of authorized capital shall be unlimited"; the purpose, of course, being to enable relator to lawfully accumulate capital in excess of its then two million dollar limit of capital to be accumulated; in other words, to make relator an association of unlimited authorized capital as if organized under the above quoted amendment of 1925.

On June 27, 1928, a duly certified copy of this amendment to the articles of incorporation of relator was tendered to the secretary for filing, with a fee of ten dollars. The secretary then received and filed the amendment, accepting the tendered ten dollars as the proper fee therefor; this, of course, upon the manifestly correct theory that such amendment did not of itself actually increase the capital of the association, as is made plain by the last above quoted language of § 1 of the Laws of 1925, Ex. Ses., p. 417. On July 7, 1928, the actual accumulated capital of relator became a major fraction of one million dollars, in excess of two million dollars, but less than three million dollars. On that day relator tendered to the secretary for filing, a certificate as provided by § 1 of the Laws of 1925, Ex. Ses., p. 397 (Rem. 1927 Sup., § 3716), and tendered to him ten dollars as the filing fee therefor. The secretary refused to file the certificate because of the insufficient amount of the tendered filing fee, demanding a filing fee according to the schedule of fees prescribed by the Laws of 1925, Ex. Ses., p. 417 (Rem. 1927 Sup., § 3836), relating generally to filing amended articles of incorporation. The secretary demanded a filing fee of $760, less the amounts already paid for filing re-

lator's original articles of incorporation and the amendment thereto. It is to compel him to file this certificate of increase of actual accumulated capital of relator, and accept the tendered ten dollar fee in payment therefor, that a writ of mandate against him is here sought.

It is contended in behalf of relator that the above quoted italicized words, ''in lieu of all other corporation fees or licenses,'' of § 18 of the Laws of 1913, p. 339, carried into the amendment made to that section by § 11, of the Laws of 1919, p. 503, Rem. Comp. Stat., § 3733, evidence a legislative intent to permit savings and loan associations, without a filing fee charge, to increase their capital stock by amendment to their articles of incorporation, as was, until the act of 1925, the only lawful method of effecting such increase. It is argued that those quoted words were not called to our attention in the case of *State ex rel. Tacoma Sav. & Loan Ass'n. v. Hinkle,* 134 Wash. 216, 235 Pac. 29, and that had they been then called to our attention our decision in that case would have been different.

It is true that they do not appear to be noticed in that decision. We are, however, of the opinion that they would not, if noticed, have resulted in a different conclusion in that case. It seems plain to us that they do not express a legislative intent to exempt savings and loan associations from paying to the secretary fees, as other corporations are required by statute to pay for filing record evidence of lawful increase of their capital stock.

These words, we think, only have the effect of exempting a savings and loan association from payment of ''corporation fees or licenses'' chargeable against it as its corporate franchise and powers exist, and have nothing to do with the question of fees charge-

able incident to its coming into existence or thereafter acquiring new and greater powers by way of increasing its capital stock. Such, we think, was the law prior to the passage of the act of 1925, as we decided in *State ex rel. Tacoma Sav. & Loan Ass'n. v. Hinkle,* 134 Wash. 216.

Now, by the amendatory chapter of the Laws of 1925, Ex. Ses., p. 397 (Rem. 1927 Sup., § 3716), in pursuance of which relator amended its articles of incorporation, making the amount of its authorized capital unlimited, that act also provided that, for the purpose of fixing the filing fee payable to the secretary upon presenting to him a certificate of increase of its "actual accumulated capital," when that should occur, his fee for the filing of a certificate of such increase should be determinable as upon amendment of articles of incorporation to that effect by corporations generally.

This, it seems plain to us, means that the filing of such certificate of increase with the secretary is intended to be treated, for the purpose of determining the amount of his filing fee therefor, the same as an amendment to articles of incorporation of other corporations made and offered for filing for the purpose of increasing their capital stock; and that therefore the secretary was in this case properly exacting a filing fee as prescribed by ch. 149, Laws of 1925, p. 417 (Rem. 1927 Sup., § 3836), upon relator's tendering to him the filing of its certificate of increase of "actual accumulated capital"; that is, the certified increase being a major fraction of one million dollars, he was authorized to exact a fee of $760 for such filing, less the amount already paid for filing relator's original articles of incorporation and its amendment thereto.

Contention is made, in behalf of relator, rested

upon the theory that such a construction of ch. 149, Laws of 1925, p. 417, *supra,* makes that act retroactive as to relator and savings and loan associations organized, prior to the act of 1925, under the act of 1913, with fixed "limit of capital to be accumulated," in that it results in the filing fee charge being measured by the amount of limit of capital fixed in their original articles of incorporation; and that such a construction of the statute is to be avoided, if possible.

We do not think such construction of the statute can be avoided. Its plain language is that the fee shall be measured by "the total amount to which the capital stock of the corporation is so increased."

Nor do we think this is in legal effect retroactive legislation. It is not a charge in the least impairing relator's existing corporate franchise power, but a charge incident to its acquiring a new franchise power. For this right it is but required to pay fees, from time to time, as its capital actually increases, as every other savings and loan association is required to pay upon increase of its capital stock evidenced as the law requires, and as every other corporation is required to pay when increasing its capital stock by amendment to its articles of incorporation.

True, this is not the filing of an amendment to relator's articles of incorporation, but it is the filing of a certificate of actual increase of capital, having the same effect, in so far as paying fees for filing with the secretary the certificate evidencing the actual increase of its capital stock is concerned.

The writ is denied.

FULLERTON, C. J., MAIN, MITCHELL, and FRENCH, JJ., concur.